Timothy J. Eckstein, 018321
Brandon T. Delgado, 035924
OSBORN MALEDON, P.A.
2929 North Central Ave., Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
teckstein@omlaw.com
bdelgado@omlaw.com

Orion Danjuma *(pro hac vice)*
NY Reg No. 4942249
PROTECT DEMOCRACY PROJECT
82 Nassau St. #601
New York, NY 10038
Tel: (202) 579-4582
orion.danjuma@protectdemocracy.org

Rachel F. Homer *(pro hac vice)*
DC Bar No. 1045077
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Avenue NW, #163
Washington, DC 20006
Tel: (202) 579-4582
rachel.homer@protectdemocracy.org

Benjamin L. Berwick *(pro hac vice)*
MA Bar No. 679207
PROTECT DEMOCRACY PROJECT
15 Main Street, Suite 312
Watertown, MA 02472
Tel: (202) 579-4582
ben.berwick@protectdemocracy.org

Jared Davidson *(pro hac vice)*
LA Bar No. 37093
PROTECT DEMOCRACY PROJECT
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Tel: (202) 579-4582
jared.davidson@protectdemocracy.org

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Alliance for Retired Americans, et al,<br><br>Plaintiff,<br><br>vs.<br><br>Clean Elections USA, et al,<br><br>Defendants. | No. CV-22-01823-PHX-MTL<br>(Consolidated with<br>CV-22-08196-PCT-MTL)<br>**STATUS REPORT** |
| League of Women Voters of Arizona,<br><br>Plaintiff,<br><br>vs.<br><br>Lions of Liberty LLC, et al.,<br><br>Defendants. | |

This Court ordered a joint status report "addressing whether this case should continue and if so, why" as well as that "Plaintiffs' counsel shall reconcile their representations to the Ninth Circuit regarding mootness (22-16689, Dkt. Nos. 20, 24) with the representations made to this Court that their case is 'not at all moot following the 2022 midterm election' (Doc. 64 at 2)." (Doc. 73). Plaintiff and Defendants in this consolidated case conferred on January 20, 2023, and, through their undersigned counsel, submit the following:

**Plaintiff's position**

The positions set forth below represent the positions of only the League of Women Voters of Arizona ("the League"), because Plaintiff Arizona Alliance for Retired Americans ("AARA") voluntarily dismissed its separate case on January 18, 2023. (Doc. 75.)

***First***, the AARA Plaintiff's statement regarding mootness to the Ninth Circuit was limited to AARA's request for a TRO and did not concern Plaintiffs' cases as a whole. Moreover, this case is not moot as a matter of black letter law, and thus there is no tension between the AARA Plaintiff's statements in the Ninth Circuit, and the AARA and League's prior Joint Status Report.

AARA's Ninth Circuit briefing pertained to the mootness of their appeal of the Court's order denying "their motion for a temporary restraining order and preliminary injunction . . . in the run-up to the 2022 general election[.]" (AARA appeal, No. 22-16689, Dkt. No. 20 at 5-6). That matter is distinct from and consistent with Plaintiffs' statement that their underlying cases are not moot. AARA was entitled to seek a motion for emergency relief directed at the 2022 midterm elections and consider that motion moot following the election.

In addition, AARA did not and could not represent that the passage of the election would moot out both Plaintiffs' cases in their entirety.[1] To the contrary, AARA

---

[1] The League was not a party to that appeal and thus did not make any representations related to it.

2

explicitly noted to the Ninth Circuit that its position did not implicate whether the League's case is moot. (AARA Appeal, No. 22-16689, Dkt. No. 24-1 at 7 n.3 (citing Defs' Resp., No. 22-16689, Dkt. No. 23, at 1-2)). Indeed, Defendants' briefing underscores that the League's case remains live. Defendants stated to the Ninth Circuit that the circumstances surrounding this case may recur and that they seek to engage in similar conduct in future elections. (AARA Appeal, No. 22-16689, Dkt. No. 23 at 10.)

AARA has recently voluntarily dismissed its case. This Court has previously observed that, although these cases were consolidated, the League's case is separate and distinct from AARA's, with distinct factual allegations and relief sought. The voluntary dismissal of one does not affect the other.

The League's case is not moot as a matter of black letter law. The League has pending claims for compensatory, consequential, and punitive damages. (*See* Case No. CV-22-08196, Compl., Doc. 1, at 28.) A "live claim" for *any* damages, even just "nominal damages[,] will prevent dismissal for mootness." *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002); *see also Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021) (a pending claim for "one dollar in compensation" precludes a finding of mootness); *Bd. of Pardons v. Allen*, 482 U.S. 369, 371 n.1 (1987) (case not moot when a damages claim remains). Not only is a *claim* for damages alone sufficient to overcome mootness, here the Court also heard actual *evidence* of compensatory damages: testimony at the November 1, 2022 hearing concerning the League's financial expenditures, staff time, and diversion of resources in response to Defendants' conduct. The Ninth Circuit has repeatedly reversed dismissals of cases as moot where there is a pending claim for damages. *See, e.g.*, *Lokey v. Richardson*, 600 F.2d 1265, 1266 (9th Cir. 1979) (appellant's "claim for damages for mental and emotional distress . . . was not mooted" although his "request for an injunction" was mooted by changed circumstances).

Moreover, the League also retains live claims for injunctive relief, Compl. at 28, particularly in light of Defendants' representations to the Ninth Circuit that they seek to

3

continue the challenged conduct. *See Nat'l Coal. on Black Civic Participation v. Wohl*, 512 F. Supp. 3d 500, 516 (S.D.N.Y. 2021) (concluding that the passage of the 2020 election did not moot Plaintiffs' 11(b) and Klan Act claims because "other elections will continue to be held and present new opportunities for Defendants to employ similar tactics").

***Second***, the Court has inquired whether this matter should continue and why. While mootness is not a valid basis for halting the case as detailed above, the League is hopeful that the remaining issues can be resolved through settlement and has sought to do so through a good faith settlement offer. However, Plaintiff has yet to receive any substantive response. The League does not know to what extent Defendants remain interested in settlement, whether the parties are at an impasse, or whether they can make substantial progress toward resolution. Therefore, at this juncture, Plaintiff cannot squarely answer the Court's inquiry whether the case must continue through litigation or whether instead it can be settled.

Following the 2022 election, the parties began informal, verbal settlement discussions. At Defendants' request, the League sent a written settlement offer on December 16, 2022. On several occasions thereafter, Plaintiff's counsel sought to meet concerning the proposal or to obtain an initial substantive response from Defendants. Defendants repeatedly advised that the offer was still being analyzed. Defense counsel ultimately agreed to meet with Plaintiff's counsel on January 20, 2023.  Defense counsel indicated that Defendants rejected the League's offer but stated that they would not be prepared to discuss any substantive component of settlement until after the Court's January 27, 2023 status conference.

Plaintiff remains open to settlement and understands that Defendants have retained separate counsel who are getting up to speed on the case. The League is therefore willing to continue to hold outstanding deadlines in abeyance to facilitate negotiations and avoid incurring additional attorney costs and court resources. However, the League stands ready to litigate the case if necessary. Defendants' conduct caused

serious harm to the League, voters, and the election system more broadly. Plaintiff is committed to ensuring that this harm does not continue in the future.

Plaintiff unfortunately has not been given an opportunity to review Defendants' position for this filing so Plaintiff cannot represent this report as "joint" at present. Counsel for Plaintiff has attempted to work with defense counsel to prepare a joint status report. But Defendants have advised that they cannot set forth their actual position until an unidentified time this evening.[2] Therefore, to comply with the Court's order, Plaintiff has submitted its position to be filed by Defendants before Defendant's position is finalized and before they have confirmed any joint position by the parties. Plaintiff's counsel will be prepared to address Defendants' position at the status conference on January 27.

**Defendants' position**

Defendants' position is that Plaintiffs' prayer for injunctive relief is moot for the reasons set forth in their motion to dismiss and summarized herein. This Court ordered entry of a TRO to expire a few days after the election [Dkt. 51]. The election has now passed. The 9th Circuit has provided the applicable rule:

---

[2] On January 18, Plaintiff's counsel requested that the parties meet to discuss, *inter alia*, the upcoming status report and hearing ordered by the Court. The parties met and conferred on January 20 and Defendants agreed to provide Plaintiff their position the evening of Sunday, January 22. Plaintiff's counsel agreed to respond with Plaintiff's position the following day. Defendants sent their version of the status report midday on Monday, January 23, which was one paragraph that was not responsive to the Court's order. Plaintiff responded with their position later that evening. Perhaps realizing that their initial draft did not respond to the Court's inquiry, earlier today defense counsel emailed that they planned to send a revised position regarding mootness at some unidentified time "tonight." Plaintiff requested that defense counsel send any revisions by 6:00 pm Arizona time in order to give Plaintiff's counsel a reasonable opportunity to review it prior to filing. Defense counsel declined to provide a time when they would circulate their revised response.

Speculative injury does not constitute irreparable injury sufficient to warrant **granting a preliminary injunction**. *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984). A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief. *L.A. Coliseum*, 634 F.2d at 1201.

*Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (italics in original, emphasis in bold supplied). As the election is now behind us, there can be no imminent threat of injury. As to their prayer for permanent injunctive relief, all of the allegations in the League Complaint pertaining to Defendants Clean Elections and Jennings concern "Dropbox Initiative 2022". Compl. 14:5-16:19 (Doc. 1). There is not even any allegation in the Complaint that they have any particular plans to continue this initiative in the future. And any allegation that Defendants will engage in drop box monitoring in the future at all, much less in an upcoming municipal election which is far less likely to attract the time and attention of volunteer monitors than a general election, would be entirely speculative. And were Defendants to conduct such monitoring, any allegations regarding what policies and procedures they might put in place, legally required or not, to mitigate the alleged harms would also be speculative. This is not an exhaustive list of grounds under which Defendants might argue mootness or otherwise oppose Plaintiffs claims.

To the extent that anything in Plaintiffs' position is not addressed herein, then Defendants reserve the right to contest that position.

DATED this 24th day of January, 2022.

                                            OSBORN MALEDON, P.A.

                                            By s/Brandon T. Delgado
                                                 Timothy J. Eckstein

Brandon T. Delgado
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793

Orion Danjuma *(pro hac vice)*
PROTECT DEMOCRACY PROJECT
82 Nassau St. #601
New York, NY 10038

Rachel F. Homer *(pro hac vice)*
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Avenue NW, #163
Washington, DC 20006

Benjamin L. Berwick*(pro hac vice)*
PROTECT DEMOCRACY PROJECT
15 Main Street, Suite 312
Watertown, MA 02472

Jared Davidson*(pro hac vice)*
PROTECT DEMOCRACY PROJECT
3014 Dauphine Street, Suite J
New Orleans, LA 70117

Attorneys for Plaintiff